IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DENNIS R. SERAMUR d/b/a DENNIS & SONS BUILDERS, individually and as the representative of a class of similarly-situated persons,

    Plaintiff,

vs.

PARADIGM LIAISON SERVICES, LLC and THE PARADIGM ALLIANCE, INC.,

    Defendants.

Case No. 2:18-cv-00244-PPS

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
JOINT MOTION FOR SUMMARY JUDGMENT**

In a scramble to avoid summary judgment in favor of Paradigm,[1] Plaintiff invites this Court to: (1) effectively dispense with the TCPA's unambiguous definition of "advertisement," (2) attribute to Paradigm a legal "admission" that it did not—and could not—make; (3) accept and apply an overbroad interpretation of the Seventh Circuit's decision in *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); and (4) ignore myriad on-point persuasive authorities addressing failed attempts by other plaintiffs to pursue TCPA claims in similar circumstances. The Court should not oblige.

The fax at issue in this case (the "Invitation) was sent by Paradigm as part of its federal damage prevention compliance services provided Indiana pipeline operators. There is no legal authority, binding or otherwise, to support Plaintiff's theory that simply because Paradigm is a

---

[1] As in their joint opening brief, all references to "Paradigm" herein shall refer, collectively to Defendants Paradigm Liaison Services LLC and The Paradigm Alliance, Inc.

1

for-profit business and identified itself as the sender of the fax by including its name, logo, and telephone numbers at the bottom of the Invitation, that document must now be considered an "advertisement" for purposes of the TCPA.  If that were the case, then *any* fax, containing *any* content, sent by *any* company for *any* purpose, and bearing *any* indication of the identity of the sender, would also need to be considered an "advertisement."  Such a result would effectively render 47 U.S.C. §227(a)(5)'s definition of an "advertisement"[2] meaningless – a result that Congress could not have intended and that this Court should not endorse.

The *legal* question of whether a fax is an "advertisement," and therefore subject to the TCPA, requires a careful and deliberate assessment of the fax at issue in relation to the statutory definition. Plaintiff wrongly argues that this Court can skip that assessment because, he claims, Paradigm has "admitted" that the appearance of its name, logo, and telephone number on the Invitation were "advertising."  Not only is that claim untrue, but it would also have no legal significance to the present motion even if it were.  Paradigm's motion for summary judgment, as supported by its brief and incorporated Statement of Material Facts (SMF), unwaveringly asserts that the Invitation is *not* an advertisement.  The phrases Plaintiff cherry-picked from Paradigm's brief and cites as "admissions" were simply part of a preemptive discussion of what Paradigm anticipated *Plaintiff* might attempt to argue based on the facts, and included citations to other court orders that have considered and rejected such attempts to stretch the TCPA beyond its textual boundaries.  Whether the Invitation is an advertisement is a *question of law* that neither Paradigm nor Plaintiff are permitted to answer; the Court alone has that authority.

Plaintiff's reliance on the Seventh Circuit's decision in *Holtzman v. Turza* to argue that the Invitation must be deemed an advertisement is misplaced.  As explained more fully herein,

---

[2] An advertisement is "is material advertising the commercial availability or quality of any property, goods, or services." *See* 47 U.S.C. § 227(a)(5); *see also* 47 C.F.R. §64.1200(f)(1).

*Holtzman* in no way stands for the proposition that the mere inclusion of a sender's logo, name, or phone number in a fax makes it an advertisement for purposes of the TCPA. To the contrary, *Holtzman* actually underscores the duty of a court to carefully examine and consider a multitude of factors related to the origin, content, and purpose of a fax in order to determine whether a fax *actually* promotes the commercial availability or quality of property, goods, or services, and therefore should be an advertisement for purposes of the TCPA.

Equally unavailing are Plaintiff's attempts to look beyond the face of the Invitation to the pipeline safety program to suggest that the Invitation was mere pretext for the promotion of the commercial availability or quality of Paradigm's property, goods, or services at the Michigan City program. As discussed herein, the program materials themselves are not independently actionable under the TCPA; the statute only applies to faxes. The program materials therefore matter *only* to the extent they may prove (or not) that the actual fax was mere pretext. Here there is *no* evidence to suggest that the true purpose of the pipeline safety program was anything other than what the Invitation indicated it would be – a program focused on *safety*.

Nor does it matter for purposes of the TCPA that Paradigm operates as a business and generates revenue by providing damage prevention compliance services (including producing pipeline safety programs and tracking attendance metrics related thereto for its clients). The TCPA does not apply to *any* fax unless it is actually an "advertisement," meaning that it "is material advertising the commercial availability or quality of any property, goods, or services." *See* 47 U.S.C. § 227(a)(5); *see also* 47 C.F.R. §64.1200(f)(1). And courts that have consistently rejected TCPA plaintiffs' arguments that a fax sender's mere *potential* to profit *in any way* (however remote or indirect that way might be) from the fax is not enough to make it an "advertisement."

3

Paradigm has met its burden to prove, based on undisputed material facts, that the Invitation faxed to Plaintiff is not an "advertisement" and therefore is not actionable under the TCPA. Accordingly, Paradigm respectfully requests that this Court grant its motion for summary judgment and dismiss Plaintiff's claim against both Defendants.

**A. The Mere Appearance of Paradigm's Logo, Name, Phone and Fax Numbers on the Face of the Invitation Does Not Make It an "Advertisement" for Purposes of the TCPA.**

The only mention of Paradigm on the Invitation are Paradigm Liaison Services' logo (approximately 1" x 1" in size) in the lower left corner, the company's telephone and fax number at the bottom of the page (in a font smaller than that used elsewhere in the document), and a legal reservation of rights by Defendant Paradigm Liaison Services, LLC. *See* Defs.' SMF ¶30. Plaintiff has offered no indication of how he contends the appearance of just these elements on the face of the Invitation satisfies the definition of an "advertisement" found at 47 U.S.C. § 227(a)(5) or 47 C.F.R. §64.1200(f)(1).

The fax itself offers no indication that it is being used to promote the commercial availability or quality of Paradigm's services. Neither Paradigm's logo, its name, nor its phone/fax numbers reveal anything about Paradigm's business, who its clients are, or what services provides to those clients. The Invitation does not describe the quality or availability of Paradigm's services. It provides no indication that Paradigm's services are available for sale. The Invitation does not mention a price for Paradigm's services or a potential discount on those services available to Plaintiff or anyone else. Nor does the Invitation indicate that Paradigm is selling access to the pipeline safety program.

The invitation *does* provides a specific bullet point list of topics that will be covered during the free pipeline safety program, but none of those refer to Paradigm or the services it provides its clients. Invitees are not even directed to call Paradigm to RSVP for the program, but

4

are instead directed to a proprietary website that Paradigm created for its Indiana pipeline operator clients. That website, which includes a great deal of public safety information related to pipelines, contains no specific reference to the commercial availability or quality of Paradigm's services, much less any suggestion that visitors to the website can or should purchase those services.

Ultimately, there is *no* evidence that the Invitation was intended to (or did) promote the commercial availability or quality of Paradigm's services.   If the mere inclusion of the sender's small company logo and/or its telephone/fax numbers on a fax were sufficient to render it "advertising" for purposes of the TCPA's definition of the term, then practically every fax transmitted by any identifiable company or organization, and regardless of its substantive content or purpose of the fax would have to be treated as an "advertisement. That approach would effectively steamroll the limitations expressly written into the TCPA by Congress. And that is a process to which this Court should not be a party.

**B. Paradigm Has Not "Admitted" that the Invitation Is an Advertisement, and Is Not Authorized to Make that Legal Determination.**

Fundamentally, Plaintiff's theory of liability in this case conflates the "identification" of Paradigm (by its logo, name, or phone number) with actual "advertising" of the commercial availability or quality of Paradigm's property, goods or services.  The latter may be actionable under the TCPA, but the former is not.  Plaintiff argues that because Paradigm has already "admitted" (in its opening brief) that the mentions of its name, its logo, and/or its phone and fax numbers are "incidental advertising," its motion for summary judgment must be denied.  (*See* Pls.' Opp. at 7, 9).

Plaintiff's allegation is simply untrue.  Paradigm's entire motion is premised on its (oft-repeated) position that the Invitation is *not* an advertisement as that term is defined by the TCPA.

5

The phrases Plaintiff has cherry-picked from Paradigm's opening brief were not "admissions." They were merely components of a discussion in which Paradigm was acknowledging, preemptively, that *Plaintiff* might attempt to argue that the presence of Paradigm's logo and/or phone number made the Invitation "advertising" subject to the TCPA. *See* Defs.' Br. at 18 ("Paradigm does not believe any of these considerations should cause this Court to view the Invitation faxed to Plaintiff as an advertisement, Paradigm anticipates that Plaintiff may attempt to such arguments in his Response, so will address at least some of them here – briefly and preemptively in this opening brief."). Paradigm specifically noted that orders of several courts (including those is other circuits) that had rejected similar arguments, sometimes referred to logos and contact information as mere "incidental advertising," but nonetheless found such brief mentions too slender a reed to support TCPA liability. *See id.* at 18-20.

The only "admissions" Paradigm has made in connection with its motion for summary judgment have been to the validity of the facts contained in its Statement of Material Facts. Whether those facts (and/or others offered by Plaintiff) add up to prove that the Invitation was an "advertisement" is ultimately a question of law for the Court; it cannot be determined by a party's admission – which Paradigm vigorously denies having made anyway. In this case, Paradigm believes, as many other courts have found, that the mere presence of a company's logo, name, and/or contact numbers is not sufficient proof that the fax was promoting the commercial availability or quality of any property, goods, or services.

**C.** ***Holtzman v. Turza*** **Does Not Mandate a Finding that the Invitation Is an Advertisement For Purposes of the TCPA.**

Plaintiffs argue that the Seventh Circuit's 2013 decision in *Holtzman v. Turza*, 728 F.3d 682, paired with Paradigm's alleged "admissions" (*see* denial of such at Section B, above), leaves this Court no choice but to conclude that the Invitation Paradigm faxed to Plaintiff was a

6

fax "advertisement" for purposes of the TCPA. Essentially, Plaintiffs claim that under *Holtzman*, a fax whose composition contains *any measure* of advertising is to be treated as an advertisement for purposes of the TCPA. (*See* Pl.'s Opp. at 8). But even assuming Plaintiff's characterization of the holding in *Holtzman* is valid and binding upon this Court, that standard does not defeat the present motion.

Both the TCPA itself and the Court of Appeals' opinion in *Holtzman* make clear that the first order of business is not the *measure* of advertising in a fax, but instead whether the fax actually contains *any* advertising at all. *See Holtzman*, 728 F.3d at 685 ("The only question on the merits is whether the faxes contained ads. . . .[m]eaning 'any material advertising the commercial availability or quality of any property, goods, or services. . . ."). To deal with that question, the *Holtzman* court considered a range of evidence, looking well beyond the fact that the sender's name, logo, and contact numbers were on the fax. The Seventh Circuit extended its assessment to consider evidence of: the purpose for the which the fax was created, who created it, the relationship between the creator and the sender, the motivation of the sender, the composition of the fax, and the nature and extent of the material that allegedly comprised the advertising within the fax, including its location and size on the page.

The Court of Appeals found that:

- The creators of the "newsletter" fax at issue, third party "Top of Mind," specifically marketed their "Daily Plan-It" newsletter as a promotional device. 728 F.3d at 687;

- Defendant Turza had hired Top of Mind to prepare and send the "Daily Plan-It" newsletter out by fax, on his behalf, for the specific purpose of promoting his legal services to CPAs, and that Turza "did not edit or even review the faxes before they were sent in his name." *Id.* at 683.

- The faxes Top of Mind devised for Turza "may not have touted the quality of his services, but they did declare their availability." *Id*. at 685.

7

- The faxed newsletter devoted about 25% of its surface area to identifying Turza, including a unique graphic, a list of his legal practice specialties, his complete contact information (address, telephone, email and website), and an image of the building in which he maintained his law office.  *See id.*

- The fax strongly implied that Turza had written the fax content by virtue of his byline and a notation claiming the copyright in his name.  *Id*. at 683

- Turza's own lawyer called the faxes "marketing" in his brief and oral argument.  *Id*. at 687.

The Court of Appeals concluded, based on this evidence, that the fax *did* contain advertising for Mr. Turza's law practice and was, therefore, actionable under the TCPA.  The court further justified its finding that Turza's fax contained advertising by noting that "[t]he plug for Turza's services was not incidental to the message that would have been sent anyway; promotion or marketing was *the reason* these faxes were transmitted." (emphasis added).

The very fact that the *Holtzman* Court devoted several pages of its opinion to documenting the factual basis underlying its legal conclusion only underscores the need for this Court to conduct a similarly diligent examination of Invitation and the facts surrounding it. Practically none of the factors contributing to the *Holtzman* court's opinion even exist here, and that court had no reason to even contemplate a pretext argument.  There is no evidence that Paradigm designed the Invitation to promote the commercial availability or quality of Paradigm's services, but there is *ample* uncontroverted evidence that the Invitation was designed and deployed to assist Paradigm's clients in complying with federal pipeline safety regulations. The Invitation does not describe Paradigm or its services at all, but does describe the planned substance of the pipeline safety program in detail, including the specific safety-oriented topics to be covered at the program.  The Invitation does not include Paradigm's physical address, its email address, or its company website URL (much less a picture of its office building); it devotes

only a small fraction of the page to a small Paradigm logo and information just sufficient to identify Paradigm as the sender -- using the smallest font on the page.

Certainly, there is far more evidence for this Court to consider with respect to the Invitation than that summarized in the preceding paragraph. But as even that abbreviated assessment shows, compared to the fax in *Holtzman,* the Invitation Paradigm faxed to Plaintiff is just not the stuff of "advertising." Ultimately, though, the question of whether the faxed Invitation contains advertising (as defined by the TCPA) remains one of law to be decided by this Court following careful consideration of the undisputed evidence. *See Holtzman*, 728 F.3d at 688 (concluding that the Daily Plan-It "is an advertisement as a matter of law.") In other words, *Holtzman* may demonstrate the sort of process this Court should undertake, but does not, as Plaintiff suggests, dictate the outcome.

**D. Paradigm's Pipeline Safety Meeting Materials Do Not Justify Treating the Faxed Invitation as an Advertisement for Purposes of the TCPA.**

Paradigm has openly acknowledged that its name and logo appeared on slides used during the Michigan City pipeline safety program, and that page 16 of the written Program Guide offered to attendees described Paradigm's services. (*See* Defs.' Br. at 22.) But those references to Paradigm are not *independently* actionable under the TCPA, whether they meet the statute's definition of an advertisement or not. The statute only pertains to the faxes themselves. Evidence of whether or how Paradigm was portrayed during the Michigan City pipeline safety meeting (by the instructor, presentation slides, or handouts) is *only* relevant to the present motion if the Court finds *both* that the faxed Invitation was not an advertisement, *and* that the fax was mere *pretext* for the opportunity to promote the commercial availability or quality of its property, goods, or services at the pipeline safety meeting. See Defs.' Br. at 23. "Pretext," by its very nature, presupposes that some kind of deceit or "smokescreen" by the sender of the fax. *See*

9

*Ameriguard, Inc. v. Univ. Kan. Med. Ctr. Research Inst., Inc.*, No. 06-0369-CV-W-ODS, 2006 WL 1766812, at *2 (W.D. Mo. June 23, 2006) (*aff'd in Ameriguard, Inc. v. Univ. Kan. Med. Ctr. Research Inst., Inc.*, 222 F. App'x 530, 530 (8th Cir. 2007) (finding no suggestion that the fax acted as a "smokescreen to mask a true purpose of engaging in the commercial activity of providing information or selling the medicine.").

There is simply no evidence to support the existence of pretext here. Plaintiff did not even attend the Michigan City pipeline safety program, so cannot testify as to what occurred there, and Paradigm has no video recording of it. But the available evidence shows that the presentation slides shown to attendees by the instructor were marked as the intellectual property of Paradigm on the first page, and each contained the Paradigm Liaison Services logo in the lower corner (along with the 811 Call Before Your Dig log). *See* Defs.' SMF at ¶40. The use of Paradigm's logo on the slides is substantively no different than the use of the Paradigm logo on the Invitation itself, and is not sufficient to support treating the Invitation as an advertisement. There is also no indication in the instructor's notes that Paradigm or its services were even mentioned during the presentation. Schwartz Aff., ¶ 7, Ex. F.

The written Program Guide created by Paradigm associated with this 90-minute program contained *one* page (inside the packet at the end of the program materials, page 16) that briefly described the nature of Paradigm's business. *See* Defs.' SMF at ¶42. It stretches all credulity to accept that the "*true purpose*" of the Michigan City pipeline safety program was not to convey information about pipeline safety, but rather to provide a short written description of Paradigm's business to attendees. This especially true given that *none* of those attendees could have possibly purchased or used Paradigm's damage prevention compliance services. *See id.* at ¶10.

10

### E. The Fact that Paradigm Operated With a Commercial Purpose or a Profit Motive Is Not a Valid Basis for Concluding that the Invitation Is an Advertisement.

Plaintiff's Opposition makes several references to the (undisputed) fact that Paradigm generates profits from providing its damage prevention compliance services to its clients. *See* Pl.'s Opp. at 2, 5-6; Pl.'S SGD ¶¶10, 20. But any attempt by Plaintiff to claim that that fact somehow makes the Invitation (on its face) an advertisement or—even more unlikely—that the Invitation was mere pretext for "advertising" to take place at the pipeline safety program attended exclusively by persons to whom Paradigm could not and would not sell its services, is unsupported by law. Even a fax "sent for a commercial purpose" is not necessarily an "advertisement." *See Mauthe v. Optum, Inc.*, 925 F.3d 129, 133 (3rd Cir. 2019) ("[T]he TCPA only prohibits unsolicited advertisements, not ans and all faxes even if sent for a commercial purpose. It seems beyond doubt that a fax does not become an advertisement merely because the sender intended it to enhance the quality of its products or services and thus for profits."); *see also* Defs.' Br. at 20-21.

### F. The 2006 FCC Order Is Not Binding Upon This Court.

Plaintiff suggests that this Court can and should look to *In re Rules & Regulations Implementing the Tel, Consumer Protection Act of 1991; Junk Fax Prevention Act of* 2005, Report and Order & Third Order on Reconsideration, 21 FCC Rds. 3787, 3814, ¶ 52 (April 6, 2006) for guidance in considering whether the faxed Invitation is an "advertisement" for purposes of the TCPA. In that 2006 Order, at ¶ 52, the FCC ruled that "facsimile messages that promote goods or services even at no cost, such as free magazine subscriptions catalogs, or free consultations or seminars, are unsolicited advertisements under the TCPA's definition."[3] Plaintiff claims that the FCC was "particularly concerned" with faxes offering free seminars, as

---

[3] Plaintiff's Opposition brief misquotes the 2006 FCC Order at page 16. The first sentence reads as stated above. Plaintiff's block quote omits the word "even."

11

indicated by its remark that "[i]n many instances, 'free' seminars serve as a pretext to advertise commercial products and services." Pl.'s Opp. at 16. Plaintiff also submits that under the Hobbs Act, 28 U.S.C. §2324, this Court is bound to follow that rule. *Id.* at 17.

As Plaintiff acknowledges, however, the question of whether this Court is actually *bound* to follow the FCC's 2006 Order in considering whether the Invitation (to a free program) is an advertisement for purposes of the TCPA, is not settled. *Carlton & Harris Chiropractic v. PDR Network*, 883 F.3d 459 (4th Cir. 2018) was an appeal from an order issued by a district court that declined to follow the 2006 FCC Order, and instead granted defendant's motion to dismiss upon concluding that a fax sent by the defendant that promoted a free book was not an "unsolicited advertisement" and, therefore, not subject to the TCPA. The Fourth Circuit reversed, finding that under the *Chevron* doctrine, the district court had no discretion to rule contrary to the FCC's ruling, and had been obligated to defer to the agency. The appellate court's opinion was then vacated on appeal to the U.S. Supreme Court in *PDR Network, LLC, v. Carlton & Harris Chiropractic, Inc*., 139 S. Ct. 2051, 2055 (2019), and the Supreme Court remanded the case for further consideration (by the Fourth Circuit) of two issues relating to the Hobbs Act.

Thus, at this point, the only federal court of appeals opinion to hold that a district court is *bound* by the FCC's 2006 Order ¶52 has been vacated by the U.S. Supreme Court. Paradigm contends that as a court established under Article III, this Court is entitled to independently interpret the unambiguous language of 47 U.S.C. §227(a)(5) without deferring to any agency interpretation.[4] But even if this Court were to consider itself bound, under the Hobbs Act, to adhere to the FCC's 2006 Order, that Order would still permit this Court a large measure of discretion when considering a fax like the Invitation.

---

[4] The FCC has recently come under fire for overstepping its bounds with its interpretations of the TCPA. *See e.g., ACA International v. Federal Communications Comm'n*, 885 F.3d 687 (D.C. Cir. 2018).

Several qualifications built into ¶ 52 of the FCC's 2006 Order prevent from actually serving as a *per se* ban (under the TCPA) on faxes related to free seminars. As District Judge Story illuminated those qualifications in *Phillip Long Dang v. XLHealth Corp.*, No. 109-CV-1076-RWS, 2011 WL 553826, at *4 (N.D. Ga. Feb. 7, 2011):

> First, the FCC states that these messages must still "promote goods and services." Second, the FCC makes clear that these free seminars are problematic "in many instances" or "often"—not always. Third, when the FCC states that it is "reasonable to presume that *such* messages" are violative, the FCC uses the word "such" to refer back to messages which "promote goods and services" or are essentially pretextual.
>
> ***
>
> This interpretation [that ¶52 is not a *per se* ban] is also consistent with the TCPA, the authorizing statute for this promulgation. In enacting the TCPA, Congress clearly set out that the statute was only to bar "any material advertising the commercial availability or quality of any property, goods, or services." 47 U.S.C. § 227(a)(5) (2010). For the FCC to the find, *per se,* that all free seminars violated the statute-without concern for whether the seminar promoted the commercial availability of goods and services-would exceed that agency's mandate, and this Court would not be bound by that regulation. *See Cadet v. Bulger*, 377 F.3d 1173, 1185 (11th Cir 2004) holding that an agency's interpretation is controlling unless it is "arbitrary, capricious, or manifestly contrary to the statute").

For all the reasons discussed in this Reply as well as in its Initial Brief, Paradigm denies that Plaintiff has established that the Invitation Paradigm faxed to him was an "advertisement" as defined by the TCPA – either on its face or as pretext for any advertising that may have occurred at the pipeline safety meeting. And regardless of the FCC's 2006 Order, this Court can and should make that determination independently.

## **CONCLUSION**

For the reasons set forth above, and in its Motion and accompanying brief, Paradigm respectfully requests that this Court conclude that the fax at issue in this case – the Invitation to a January 18, 2018 regional pipeline safety program – was not an "unsolicited advertisement," and,

13

because it cannot serve as the basis for the imposition of liability under the TCPA, grant summary judgment in favor of Paradigm.

Dated:  March 20, 2020    SHOOK, HARDY & BACON L.L.P.

By: /s/ Rebecca J. Schwartz
    Rebecca J. Schwartz, #46341

2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Telephone:  816.474.6550
Facsimile:  816.421.5547

Katherine L. Shelby
PAGANELLI LAW GROUP
10401 N. Meridian Street, Suite 450
Indianapolis, IN 46290
Tel: 317.550.1855
Fax: 317.569.6016

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 20, 2020, a copy of the foregoing was served by electronic mail to all N.D. Indiana ECF-registered counsel in this matter:

Mr. Brian Wanca
Mr. Ryan Kelly
Mr. Ross Good
ANDERSON + WANCA
3701 Algonquin Rd. Ste. 500
Rolling Meadows, IL 60008
bwanca@adersonwanca.com
rkelly@andersonwanca.com
rgood@andersonwanca.com

Katherine L. Shelby
PAGANELLI LAW GROUP
10401 N. Meridian Street, Suite 450
Indianapolis, IN 46290
Tel: 317.550.1855
Fax: 317.569.6016
kshelby@paganellilawgroup.com

                                                /s/ *Rebecca J. Schwartz*
                                      Counsel for Defendants Paradigm Liaison Services, LLC and The Paradigm Alliance, Inc.